ROBERT HALSEY V. STEWART VAN VLIET, et al.

*Motion for Rehearing.*

SEPTEMBER 14, 1880, the district court of Leavenworth county overruled a motion made by *Halsey* to set aside a certain sheriff's sale, and sustained the motion of *Van Vliet* and others to confirm the same. These rulings *Halsey* brought to this court, which reversed the orders of the court below, and remanded the case with instructions to sustain the motion to set aside the sale. This case is reported in 27 Kas. 474, *et seq.*, where a sufficient statement of the facts will be found. Defendants in error, *Van Vliet* and *Wilson,* filed a motion to vacate the judgment heretofore entered herein, which motion this court decided at its session in March, 1883, and then filed the opinion, *infra.*

*Lucien Baker,* for plaintiff in error.

*H. T. Green,* for defendants in error.

*Per Curiam:* The motion to vacate the judgment heretofore entered is overruled, for the following reasons: ·

1. The principal question in the case is, not whether the plaintiff in error is the owner of the land, but whether the defendant in error Van Vliet had a right to enforce his judgment by execution and sale.

2. Any person having an interest in land, whether legal or equitable, may interfere to protect such interest and prevent an illegal sale thereof.

3. The parties moving in the district court to set aside the sale, were the heirs of Wm. Dennistown, and plaintiff in error. If the sheriff's deed to Wm. Dennistown was valid, then the heirs held the legal title and were proper parties to make such a motion. If invalid, then Halsey had an equitable interest if not the legal title, and therefore a right to contest the sale.

4. The assignment by Robert Halsey, if effectual to transfer the legal title to lands in this state, was a conveyance simply in trust, and left such an interest in Halsey as he could protect against any wrongful sale.

5. The heirs of Wm. Dennistown, as well as Robert Halsey, are before this court as parties—one as plaintiff and the other as defendants in error, and neither is complaining of the decision.

6. Both Robert Halsey and the Dennistown heirs gave ample authority to Lucien Baker to take such steps as he deemed necessary to protect the land from the sale.

7. The sheriff's deed to the Dennistown heirs was of record in the office of the register of deeds of Leavenworth county before any of these proceedings were had, and if it was desired to insist upon the validity of such deed and dispute the right of Halsey to make this motion, it was *laches* not to make the objection in the first instance.

8. Where an attempt is made to sell upon execution a tract of land not liable to sale thereon, and there is a doubt as to the validity of a certain deed and the consequent location of the title, no fraud is committed if the contest of such sale is made in the name of one who is believed by the counsel employed to be the party in interest, and this even though the opinion of counsel should prove to be erroneous.